IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHAVON A. WILLIS

VS.                                                              CIVIL ACTION NO. 2:13cv217-KS-MTP

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOAN SERVICING, LP
*FORMERLY KNOWN AS*
COUNTRYWIDE HOME LOANS SERVICING, LP

ORDER

This cause is before the Court on Motion to Remand to State Court [5] filed by Shavon A. Willis, Response thereto by Defendant, and Reply by Plaintiff.  The issue for the court to decide is whether or not this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  The fact that the Plaintiff and Defendants are diverse is not an issue.  The sole question is whether or not the amount in controversy requirement is satisfied.  Seventy-five Thousand Dollars ($75,000.00) is the requirement set forth in 28 U.S.C. § 1332.  The Plaintiff argues that the value of the house is less than $75,000.00, and he argues that this is the question that sets the amount in controversy.

However, Plaintiff additionally asks for other actual damages, including punitive damages and attorneys fees.  It is settled law that punitive damages and attorneys fees are included when the amount in controversy is calculated.  The torts and contract actions listed by Plaintiff include negligence, bad faith, promissory estoppel, interference with Plaintiff's right to reinstate the promissory note, etc.  *Reed v. Chase Home Finance* states:

> In addition to those damages sought for the balance of the
> outstanding loan, Plaintiff demands an unspecified amount of
> punitive damages for any conduct on behalf of Chase found to be
> 'reckless; grossly negligent; willful; intentional; wanton;
> unconscionable; part of a course of conduct or pattern and practice

>to misinform, or deceive; and/or done with insult. See Compl. at ¶ 23. 'It is well settled that, if Mississippi Law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy....' *Conner v. First Family Financial Services, Inc.*, NO. 4:01cv242, 2001 WL 31056778, at *8 (N.D. Miss. August 28, 2002) (internal citations omitted). *Reed v. Chase Home Finance*, 2010 WL 378116 at page 3 (S.D. Miss. 2010).

This Court needs to cite no further authority. The amount in controversy, agreed to by Plaintiff in addition to the punitive and other damages sought, clearly set forth amounts that reach the jurisdictional limits of this court. The Motion to Remand is **denied**.

The parties are to consult the office of Magistrate Judge Michael T. Parker within ten (10) days of the date of this order and request a scheduling order, etc.

SO ORDERED this the 19th day of December, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE